# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER MACE** | **CIVIL ACTION NO. 22-1559-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **DUSTY WILLIAMS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

Christopher Mace ("Plaintiff") filed a civil rights complaint against Dusty Williams and Steve Rasner. Plaintiff claims his civil rights were violated by prison officials while incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana.

Plaintiff filed motions to show cause, for temporary restraining order and for injunctive relief (Doc. 10). He claims he was retaliated against while at Claiborne Parish Detention Center. As relief, Plaintiff seeks that Defendants be enjoined from retaliation, reassigning his housing, placing him in administrative segregation, physical, verbal and mental abuse of him, and general harassment.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the court refuses to grant a temporary restraining order and/or preliminary injunction as he is no longer in the custody of Defendants. In fact, he is currently incarcerated in the Sabine Parish Detention Center in Many, Louisiana. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the Motions to Show Cause, for Preliminary Injunction and for Temporary Restraining Order (Doc. 10) be **DENIED** as moot**.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Page **2** of **3**

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 10th day of February, 2023.

Mark L. Hornsby
U.S. Magistrate Judge

Page **3** of **3**